```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
HENRY TUCKER, ON BEHALF OF HIMSELF
AND ALL OTHER PERSONS SIMILARLY
SITUATED,

                        Plaintiff,
        -against-

DENNY'S CORPORATION,

                        Defendant.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/27/2021_
```

19 Civ. 9843 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this disability discrimination action, Plaintiff, Henry Tucker, on behalf of all other persons similarly situated, alleges that Defendant, Denny's Corporation, violated his rights under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL"). Defendant moves to dismiss the complaint on the alternative grounds of (1) lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 32. For the reasons stated below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Defendant, Denny's Corporation., is a national restaurant chain. First Am. Compl. ("FAC") ¶¶ 26–27, ECF No. 31. Defendant, like many other restaurants, sells store gift cards, which are credit card-sized and -shaped items that can be used to purchase goods in Defendant's stores in lieu of using money. *Id.* ¶¶ 15, 30, 35. Defendant does not sell gift cards with Braille writing on the cards. *Id.* ¶ 16.

On October 21, 2019, Tucker, a blind and visually-impaired individual, contacted Defendant and asked if it sold gift cards with Braille writing. *Id.* ¶¶ 2, 16. Defendant's employee informed

Plaintiff that it did not. *Id.* ¶ 16. On this call, the employee did not affirmatively offer "any alternative auxiliary aids or services to Tucker with respect to Defendant's gift cards." *Id.* ¶ 17. Tucker was also unable to locate any Braille gift cards at Defendant's locations. *Id.* ¶ 18.

Tucker alleges that this failure to provide Braille gift cards "denied [him] equal access to Defendant's restaurants and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards." *Id.* ¶ 41. Tucker seeks injunctive and declaratory relief requiring Defendant to sell Braille gift cards, and declaratory relief that Defendant is marketing, distributing, and selling store gift cards in a manner violative of the ADA, the NYSHRL, and the NYCHRL. *Id.* at 24–25.

## DISCUSSION

This case involves nearly identical factual allegations as those alleged in *Calcano v. Cole Haan LLC*, No. 19 Civ. 10440, 2021 WL 849434 (S.D.N.Y. Mar. 5, 2021). Because the cases are nearly indistinguishable, the Court refers, in substantial part, to its order in *Calcano*. Accordingly, the Court adopts the legal standards articulated in Parts I and II of *Calcano*, 2021 WL 849434, at *1–2, concerning Rule 12(b)(1), Rule 12(b)(6), and standing.

### I.     ADA, NYSHRL, and NYCHRL Claims

Unlike *Calcano*, the Court finds that Tucker's complaint has sufficiently alleged standing to bring his claims under the ADA. *Calcano*, 2021 WL 849434, at *2–3. Tucker's allegations, identical to Calcano's, have met the first two elements of the standing inquiry. *Id.*; FAC ¶¶ 15–16, 44 (alleging facts sufficient to demonstrate that Tucker was deterred from visiting Defendant's location, showing injury in fact, and that Defendant does not plan to sell Braille gift cards in the future, establishing the alleged discriminatory treatment would continue).

However, unlike *Calcano*, Defendant is a "popular restaurant chain[,]" of the sort which courts in this district have found it plausible a plaintiff would return to. *Calcano*, 2021 WL 849434,

at *3 (quoting *Mendez v. Outback Steakhouse of Fla., LLC*, No. 19 Civ. 9858, 2020 WL 4273820, at *2 (S.D.N.Y. July 23, 2020)); *see also Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *3 (S.D.N.Y. June 17, 2020) (finding near-identical allegation of plaintiff's intent to return "to Taco Bell more plausible and therefore sufficient because of the nature of Taco Bell's business and the broader appeal and accessibility of its products").  Accordingly, Tucker's allegations that he "resides . . . close to Defendant's restaurant located at 8710 Northern Blvd., Queens, NY," that he has "been a customer at Defendant's store on prior occasions," and that he "intends to immediately go purchase a store gift card issued by the Defendant as soon as they become available and accessible with suitable auxiliary aids and services for effective communication to be used independently," FAC ¶¶ 21, 25, 46, permit the Court to reasonably infer that Tucker intends to return to Defendant's restaurants.

Moreover, Tucker's NYSHRL and NYCHRL claims are "governed by the same standing requirements as the ADA."  *Mendez v. Apple Inc.*, No. 18 Civ. 7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).  Because Tucker has standing to sue under the ADA, he similarly has standing to sue under the NYSHRL and the NYCHRL.

However, Tucker's ADA claim fails under Rule 12(b)(6) for all of the reasons identified in *Calcano*.  *See* 2021 WL 849434, at *3–5.  There are no substantive differences between the filings in this case and *Calcano* that would cause the Court to reach a different conclusion.

Because the Court dismisses Plaintiff's ADA claims, it declines to exercise supplemental jurisdiction over Plaintiff's state and city claims, as it did in *Calcano*.  *See id.* at *5.

Accordingly, Defendant's motion to dismiss Tucker's ADA, NYSHRL, and NYCHRL claims is GRANTED.

II.    <u>Declaratory Relief</u>

Tucker's claim for declaratory relief is duplicative of his other claims. Accordingly, Defendant's motion to dismiss this claim is GRANTED.

III.    <u>Leave to Amend</u>

Tucker seeks leave to amend his complaint for a second time. Plaintiff may seek leave to amend the FAC by filing a letter motion explaining how a second amended complaint would state a claim that would cure the deficiencies discussed in this order. Plaintiff shall append to the letter a draft of the proposed second amended complaint showing the changes from the FAC. The letter motion must be filed on or before **October 12, 2021**.

## CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED and the complaint is DISMISSED.

The Clerk of Court is directed to terminate the motion at ECF No. 32.

SO ORDERED.

Dated: September 27, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge